The opinion of the court was delivered by
TilghmAN, C. J.
The errors which have been assigned, may be reduced to three heads:—
1. The court instructed the jury, that if Hunter, under whom the defendant claims, was aetualty living on the land at the date of the plaintiffs’ warrant and survey, holding by actual settlement, it would repel any general presumption of abandonment, and that, in their opinion, the evidence did not establish a general abandonment of the defendant’s improvement. This is said to be an erroneous direction, but to me it appears clearly right. The defendant proved an actual possession and settlement by John Hess, continued, with some intervals, (during which no person was actually on the land,) down to himself; and, in particular, he proved that Hunter, from whom he purchased, was living on the land at the very time the warrant of the plaintiffs was taken out, and their survey made. How was it possible, then, that there could be any legal presumption of an abandonment of the defendant’s improve* *152 ment ? It would have been a presumption in the face of fact and truth. If the counsel had to ask the court’s opinion, whether the facts sworn to by the defendant’s witnesses, if believed by the jury, amounted to an abandonment, the answer ought to have been, that they did not. Questions of abandonment often depend on complicated facts, and are left to the jury; but here the matter was so plain, that the court would have been justified in charging the jury, that upon the facts, if believed, there was, in law, no abandonment.
2. The second error assigned is, in saying, that if the plaintiffs’ survey was void in the beginning, it could not become valid by any subsequent act. To understand this error, it must be noticed, that it had been contended by the defendant’s counsel, that the plaintiffs’ survey was void, under the act of April, 1783, because it was made before the warrant came to the hands of the deputy surveyor. The court said, that if the survey was void by the positive enactment of an act of assembly, nothing subsequent could make it good. But, they also said, that from the evidence, it ought to be concluded, that the warrant was in the hands of the surveyor before he made the survey. So that, certainly, the plaintiffs cannot say they were injured by this part of the charge.
3. But the error principally relied on, is supposed to lie in the following expressions: “ The principal point in the cause, as the evidence appears to the court, is, whether the particular spot in controversy, was so situated with respect to the place of residence, and the improvement made, as to indicate, by a reasonable presumption, that it constituted part of it. The settler had a right to include it — he had a right, in any way, to demonstrate his intention to do it. It is a point to be decided by the jury, whether it was intended as a part or not, by its distance, or its proximity, the nature of the soil, the waters, and any other considerations in relation to its position. If these circumstances indicated the particular spot in dispute, as a part of the general tract of the settler, so as to give reasonable notice of the fact to the subsequent warrantee, it would have been fraudulent in him, to have, under such circumstances, included it. On the other hand, if it was so remote, as, from distance and local situation, to furnish no indication of the settler’s intention to include it, the warrantee would have been justifiable in appropriating it to himself by survey, unless he had express notice of the settler’s intention to include it. The evidence and the decision of facts are referred to the jury; we have stated the law— it is for the jury, in conformity to the facts and the law, to give their verdict.” Now, as the attention of the court was not pointed to any particular matter of law, by request of the plaintiffs’ counsel, what we have to decide is, not whether it was not possible to deliver a more pertinent charge, but whether there was error in that which was delivered. The court undertook to lay down the general law, between a settler and a wammtee. And I cannot say, *153 that, in their general principles, there was any error. If there are. particular circumstances which exempt the case from the general rule, it is the business of the counsel to ask the court’s opinion of the law on those circumstances. When Hess made his improvement, he had a right to take up four hutidi’ed acres under it, though he might take as much less as he pleased. And if he had, even in an inofficial manner, designated his boundaries, however little they might contain, any other person might have taken up all the land without them. But if a settler has made no indication of the extent of his claim, it would be prudent in any other person who means to take up land near him, to call on him, and request him to mark his lines. If this request is not made, but a warrantee proceeds to i make his survey, it must be at.his own peril; for, in case of a dispute, I know no way of deciding it, but by the opinion of a jury, as to a reasonable location of a settler’s tract; regard being had to shape, soil, water, and other circumstances. The settler, it is true, has no right to more than four hundred acres — but the warrantee eannot locate these four hundred acres, just as he pleases. The jury must decide between them. But if the settler refuses, on request, to mark his boundaries, his conduct is so unreasonable, that every presumption should be made against him. He has no right to keep a large body of land vacant, under pretence of a title to four hundred acres in any direction he chooses. These are the general principles which have been heretofore laid down by this court, and I do not see any thing in this charge materially differing from them. Almost every case has peculiar circumstances, on which points of law arise. But it certainly is not the duty of this court, to be astute in reversing judgments, for matters on which the court below has given no opinion, and on which we must suppose, it would have given a right opinion, #had it been asked. In the present instance, I do not perceive error in any thing that was said, or that the jury were misled by the court’s omitting to say any thing, which, without the request of the plaintiffs’ counsel, they were bound to say. I am therefore of opinion, that the judgment should be affirmed.
Judgment affirmed.